BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>     vs.<br><br>BUCK PICKENS, a/k/a "ROOSTER," a/k/a "ROO,"<br><br>           Defendant. | Case No. 1:19-cr-158-DCN-7<br><br>**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorneys for the District of Idaho, submits the following memorandum setting forth the Government's position at sentencing. The Government recommends that the Court sentence the Defendant to a term of imprisonment of 210 months, with five years to run consecutive and the remainder to run concurrent with the Defendant's conviction in Ada County case number CR-FE-2007-75.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

## BACKGROUND

On May 14, 2019, the Defendant was charged, along with nine co-defendants, with a single count of Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 § 1962(d)—Count One.  This case arises from Defendant's membership and participation in an Idaho prison gang called the Aryan Knights ("AK").  On March 17, 2020, the Defendant entered a plea of guilty to Count One of the Indictment.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

**I.    Statutory Maximum and Minimum Sentence**

The maximum term of imprisonment for the Defendant's conviction on Count One is life, because "the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment."  18 U.S.C. § 1962(d) and 18 U.S.C. § 1963(a).  The maximum fine

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

is $250,000. 18 U.S.C. § 3571(b). The Court may impose a term of supervised release of not more than five years. 18 U.S.C. § 3583(b)(1).

## II. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

### A. Offense Level Calculation

Probation calculated the Defendant's offense level in this case to be 32. (PSR ¶ 97.) The Government agrees with this calculation.

### B. Criminal History Calculation

Probation calculated the Defendant's criminal history to be Criminal History Category IV. (PSR ¶ 113.) The Government agrees with this calculation

### C. Advisory Guideline Range

Based on the foregoing, Probation calculated the Defendant's advisory guideline range to be 168 to 210 months. (PSR ¶ 133.) The Government agrees with this calculation.

## IMPOSITION OF SENTENCE

## III. Imposition of a Sentence under 18 U.S.C. § 3553

### A. The nature and circumstances of the offense

The AK is a scourge within the Idaho Department of Correction ("IDOC") facilities. The gang engages in many types of criminal activity and casts shadows of intimidation, addiction, and violence over prison life. The gang operates in ways that drain IDOC's resources and detract from its rehabilitative mission.

The Defendant has associated with the AK since at least 2009. He has occupied numerous roles within the gang and moved up the ranks to occupy a leadership position. He has

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

participated in drug distribution, extorting other inmates, coordinating gambling operations, and committing violent acts on a correctional officer. The Defendant's conduct demonstrates he is entrenched in the AK lifestyle and has not been amenable to programming within the IDOC. His continued commitment to criminal activity while incarcerated demonstrate an unwillingness to try to rehabilitate. A sentence at the high-end of the guidelines is warranted.

        B.      <u>The history and characteristics of the defendant</u>

The Defendant committed a murder at just eighteen years of age. While he asserts to Probation this was somehow justified because he suspected the victim of sexually abusing a relative, this is unsupported by anything else in the record. What this assertion does support is that the Defendant believes he can make his own set of rules and commit violent acts upon others as he sees fit, whether in custody or out of custody. His propensity to act upon impulse and emotion persists, as demonstrated by his 2017 conviction for battery upon a correctional officer. The Defendant was and is among the upper echelon of leaders in the AK, and has connections and influence throughout the gang.

        C.      <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

The Defendant should have used his time in custody to better himself and to gain an outlook necessary for him rejoin society as a productive citizen. Instead, the Defendant decided to join the AK. This decision reflects that the Defendant has chosen to continue to associate with the wrong people and to commit crime. The fact that the joined this conspiracy while in prison shows that he had no respect for the law. Only a significant guidelines sentence can promote respect for the law and provide just punishment to the Defendant.

        D.      <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

The AK's activities extend well beyond the specific conduct of this Defendant.  Indeed, as noted, the AK's drug trafficking, extortion, and other crimes not only directly affect inmates touched by specific crimes, but also sets a dangerous tone throughout IDOC facilities.  A key purpose of this overall prosecution is to deter the AK, other gangs, and would-be members and affiliates of such groups.  The sentence for this Defendant can assist with this objective by demonstrating that anyone who joins such a group will prolong their incarceration.

      E.      <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)</u>

The Government's within-guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing.  The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence.  *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).  Nonetheless, "the Guidelines Commission fills an important institutional role:  It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted).  Thus, "the Guidelines Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984.  Reference to the guidelines, while carefully considering the § 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect. The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other § 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on balance support the imposition of the recommended guidelines sentence. Accordingly, the Government recommends a within-guideline sentence of 210 months.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 210 months for the Defendant's commission of the crime of Conspiracy to Participate in a Racketeering Enterprise, with the five years of the sentence in this case to run consecutive with the Defendant's sentence in Ada County case number CR-FE-2007-75 and the balance to run concurrent. The Government submits that a sentence of 210 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 23rd day of September, 2020.

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Francis J. Zebari*
Joshua D. Hurwit
Francis J. Zebari
ASSISTANT UNITED STATES ATTORNEYS

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2020, the foregoing **UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| Dennis Benjamin<br>*Attorney for Buck Pickens*<br>db@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |
|---|---|

*/s/ Francis J. Zebari*
Assistant U.S. Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 8