RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>LUCAS JOHNSON,<br><br>　　　　　Defendant. | Case No. 19-cr-00158-DCN-008<br><br>**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |

The United States of America, by and through Rafael M. Gonzalez, Jr., Acting United States Attorney, and the undersigned Assistant United States Attorneys for the District of Idaho, submits the following memorandum setting forth the Government's position at sentencing. The Government recommends that the Court sentence the Defendant to a term of imprisonment of 48 months, five years of supervised release, and the special assessment of $100.

## BACKGROUND

On May 14, 2019, the Defendant was charged, along with nine co-defendants, with a single count of Conspiracy to Participate in a Racketeering Enterprise, in violation of 18

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

§ 1962(d)—Count One. This case arises from the Defendant's membership in and participation in an Idaho prison gang called the Aryan Knights ("AK").

On February 19, 2021, the Defendant entered a plea of guilty to Count One of the Indictment.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I. Statutory Maximum and Minimum Sentence

The maximum term of imprisonment for the Defendant's conviction on Count One is life. 18 U.S.C. § 1962(d) and 18 U.S.C. § 1963(a).

The maximum fine is $250,000. 18 U.S.C. § 3571(b).

The Court may impose a term of supervised release of not more than five years. 18 U.S.C. § 3583(b)(1).

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

## II. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

### A. Offense Level Calculation

Probation calculated the Defendant's total adjusted offense level in this case to be 19. (PSR ¶ 76.)

### B. Criminal History Calculation

Probation calculated the Defendant's criminal history to be Criminal History Category VI. (PSR ¶ 87.)

### C. Probation's Advisory Guideline Range

Based on the foregoing, Probation calculated the Defendant's advisory guideline range to be 63 to 78 months. (PSR ¶ 110.)

### D. The Government's Anticipated Advisory Guideline Range

In the Plea Agreement, the Government and the Defendant agreed to make a joint recommendation of 48 months based on the expectation that the Defendant's total adjusted offense level would be 17 and the Defendant would fall in Criminal History Category V. This would have yielded a guidelines range of 46 to 57 months.

The Government stands by its recommendation of a sentence of 48 months.

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

## IMPOSITION OF SENTENCE

I. **Imposition of a Sentence under 18 U.S.C. § 3553**

    A.     18 U.S.C. § 3553(a) factors

        1.     The nature and circumstances of the offense

The AK has a white supremacist ideology is a scourge within the Idaho Department of Correction ("IDOC") facilities. The gang engages in many types of criminal activity and casts shadows of intimidation, addiction, and violence over prison life. The gang operates in ways that drain IDOC's resources and detract from its rehabilitative mission.

There is no dispute that the Defendant joined the AK and was involved in some of its drug smuggling activities. (PSR ¶¶ 9, 13.) Probation also found that the Defendant engaged in violence and applied a two-level enhancement as a result. (PSR ¶¶ 12, 22, 67.) The Defendant disputes this enhancement and the Government had not anticipated that it would be applied.

Regardless, the Defendant's willing membership in the AK and his specific count of conviction—which simply requires that the Defendant agreed that he or co-conspirators would engage in a pattern of racketeering activity—the Defendant's role in the AK justifies the parties 48-month sentence in this case.

        2.     The history and characteristics of the defendant

The Defendant has a lengthy criminal history that most notably contains convictions for burglary and property destruction.

It is fair to point out that the Defendant was not at the top echelon of leaders in the AK, but had connections and influence throughout the gang.

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

      3.      <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

The Defendant should have used his time in custody to better himself and to gain an outlook necessary for him rejoin society as a productive citizen. Instead, the Defendant decided to join the AK. Even after being after arrested and released on pre-trial supervision, the Defendant associated with someone he should not have. The parties' recommended sentence of 48 months will reflect the seriousness of the offense and to promote the Defendant's respect for the law.

      4.      <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

The AK's activities extend well beyond the specific conduct of this Defendant. Indeed, as noted, the AK's drug trafficking, extortion, and other crimes not only directly affect inmates touched by specific crimes, but also sets a dangerous tone throughout IDOC facilities. A key purpose of this overall prosecution is to deter the AK, other gangs, and would-be members and affiliates of such groups. The sentence for this Defendant can assist with this objective by demonstrating that anyone who joins such a group will face consequences even if they are not one of the main leaders.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 48 months for the Defendant's commission of the crime of Conspiracy to Participate in a Racketeering Enterprise. The Government submits that a sentence of 48 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

Respectfully submitted this 7th day of May, 2021.

                                RAFAEL M. GONZALEZ, JR.
                                ACTING UNITED STATES ATTORNEY
                                By:

*/s/ Joshua D. Hurwit*
JOSHUA D. HURWIT
FRANCIS J. ZEBARI
ASSISTANT UNITED STATES ATTORNEYS

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2021, the foregoing **UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Thomas B. Dominick<br><br>200 N. 3rd Street, Ste. 150<br><br>Boise, ID 83702 | United States Mail, postage prepaid<br>fax<br><u>ECF filing</u><br>email |

/s/ Morgan McReynolds
Legal Assistant

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**